UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
:
SHEILA TYSON,                                                        :
:
:
Plaintiff,                                                           :
:                    22-CV-2050 (JMF)
-v-                                                                  :
:                    ORDER OF SERVICE
GREEN DOT CORPORATION; GREEN DOT BANK                                :
d/b/a GO2BANK,                                                       :
:
Defendants.                                                          :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff, who is appearing pro se, brings this action under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*, alleging that Defendants violated her rights in connection with a disputed withdrawal from her bank account. By order dated March 15, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, to waive the filing fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until **90 days after the date**

**summonses are issued**. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Green Dot Corporation and Green Dot Bank through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to issue summonses for Green Dot Corporation and Green Dot Bank, complete the USM-285 forms with the addresses for these defendants listed below, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated: March 16, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Green Dot Corporation
   3465 E. Foothill Blvd.
   Pasadena, CA 91107

2. Green Dot Bank
   1675 Freedom Blvd.
   Provo, UT 84604